## KEELY, GUARDIAN, v. CITY OF INDIANAPOLIS.

[No. 7,451.   Filed June 21, 1910.]

1. APPEAL.—*Questions Presented.*—*Bills of Exceptions.*—Under §664 Burns 1908, Acts 1903 p. 338, §4, where an appeal does not purport to present the question of the sufficiency of the evidence, the bill of exceptions need not contain any evidence except that which is necessary to present the precise question to be decided.   p. 183.

2. EXCEPTIONS, BILLS OF.—*Sufficiency of, to Present Competency of Testimony.*—*Admissions of Insane Persons.*—A bill of exceptions showing the admission of evidence of admissions of an alleged *non compos*, and containing a recital that he was not called to testify, nor adjudged competent to testify, and that the witnesses testifying were not called by the guardian of such *non compos*, sufficiently presents the question of the competency of such evidence.   p. 184.

3. APPEAL.—*Presenting Questions.*—*Statutes.*—Section 664 Burns 1908, Acts 1903 p. 338, §4, providing that only so much of the evidence is necessary, in a bill of exceptions, as will present the question to be decided on appeal, should be construed liberally. p. 184.

4. APPEAL.—*Error.*—*Presumptions.*—*Statutes.*—Under §666 Burns 1908, Acts 1903 p. 338, §6, where a bill of exceptions contains only a part of the evidence, and does not affirmatively show that the error complained of is harmless, the presumption is that it was prejudicial.   p. 184.

5. APPEAL.—*Reserved Question of Law.*—An appeal, in which the only question presented is the admissibility of certain evidence, and in which the only evidence in the bill of exceptions relates to such question, is not taken upon a reserved question of law.    p. 185.

6. APPEAL.—*Presentation of Record.*—A record showing that a circuit court assumed jurisdiction of a case, that no objection was made by the parties, and that the pleadings upon which the case was tried were filed in such court, is sufficient, where the only questions presented, on appeal, pertain to the evidence.    p. 185.

From Boone Circuit Court; *W. H. Parr*, Judge.

Action by Alice Keely, as guardian of Frank Keely, a person of unsound mind, against the City of Indianapolis. From a judgment for defendant, plaintiff appeals.   On mo-

tion to dismiss the appeal. *Motion overruled.* (For decision on merits, see — Ind. App. —.)

*A. J. Shelby, W. J. Beckett* and *Elliott & Elliott,* for appellant.

*S. M. Ralston, F. E. Matson, C. D. Bowen* and *James D. Peirce,* for appellee.

HADLEY, J.—Appellee has filed a motion to dismiss this appeal, on the grounds that the only error assigned is the overruling of the motion for a new trial; that said motion for a new trial contains the specifications that the decision of the court is not sustained by sufficient evidence and is contrary to law; that the bill of exceptions containing the evidence does not contain all of the evidence, and hence no question for review is presented to this court. The record discloses in full all the pleadings upon which the case was tried, and the decision and judgment of the court. The bill of exceptions sets out the documentary evidence in proof of the appointment of appellant as guardian of Frank Keely, as a person of unsound mind.

The bill of exceptions also contains in full the testimony of three witnesses introduced at the trial. The only question sought to be presented in this court is the admissibility of certain parts of the testimony of these three witnesses. The competency of such testimony is challenged, on the ground that admissions and statements made by a *non compos* are inadmissible. No other ground than the competency of this testimony is sought to be presented in this court, all other specifications in the. motion for a new trial being waived.

It is evident that this record was prepared and this appeal prosecuted under authority of an act of the General Assembly of 1903, concerning civil procedure (Acts 1903 p. 338). Section four of said act (§664 Burns 1908) provides that in an appeal in a civil action it shall not be necessary for the bill of exceptions to contain all of the evidence given in the

cause or proceedings, unless the decision of the court or the verdict of the jury shall be called in question as being contrary to law or not sustained by sufficient evidence.

Section five of said act (§665 Burns 1908) provides that for the purpose of presenting for decision any question in respect to error alleged to have occurred upon the trial, the bill of exceptions shall be sufficient if it contains a clear statement of the ruling or matter called in question, together with a succinct recital of the substance of such part of the evidence and proceedings as shall be necessary to advise the Supreme Court or the Appellate Court of the pertinency or materiality of the matters sought to be reviewed on the appeal.

The bill of exceptions containing the testimony before mentioned also contains a recital that the ward was not called on to testify at the trial; nor was he by the court adjudged competent to testify; nor were the witnesses, whose testimony is sought to be reviewed, called by appellant to testify. The record thus appears to be sufficient to present the question sought to be reviewed.

2.

The provisions of this statute are clearly for the purpose of facilitating and simplifying appeals and eliminating superfluous matter from the record, when only a single question is sought to be presented, and should have a liberal interpretation and construction in aid of the end sought to be attained.

3.

It is urged that the record, as thus presented, does not show there was in the decision any error prejudicial to appellant. This contention is answered by section six of the act of 1903, *supra* (§666 Burns 1908), which provides that unless the bill of exceptions shall contain matter showing that the order, ruling, action, decision or matter called in question was harmless to the party appealing, or that the error, if any, was cured or corrected by the trial court, the bill of exceptions, prepared as provided for, shall be sufficient to bring the matter, thereby presented,

4.

before the court for review in as ample form as though such bill of exceptions contained all the evidence and all the proceedings upon the trial.

This appeal is not sought to be taken upon a reserved question of law; hence the authorities cited and the rules stated by appellee upon this point do not apply to this case.

It is also pressed upon our notice that the record discloses that this suit was formerly in the Johnson Circuit Court, and was taken by change of venue to the Boone Circuit Court, where it was tried, and that the record does not show any of the proceedings in the Johnson Circuit Court. The record does show that the Boone Circuit Court assumed jurisdiction, and that all the parties acquiesced therein, without objection. The record also shows that all the pleadings upon which the cause was tried were filed in the Boone Circuit Court and issue joined thereon. This is sufficient for the purposes of this appeal.

Motion to dismiss appeal overruled.